# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY T. HEMINGWAY, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-583 |
| v. | : | |
| | : | (Judge Kane) |
| S. GOSA, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

On April 3, 2019, pro se Plaintiff Bobby T. Hemingway ("Plaintiff"), who is presently confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned civil action by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. No. 1.) He also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) In an Administrative Order dated April 8, 2019, the Court noted that Plaintiff had used an outdated form for his motion for leave to proceed in forma pauperis and directed him to either submit the full $400.00 filing fee or an updated motion for leave to proceed in forma pauperis within thirty (30) days. (Doc. No. 5.)

Plaintiff did not comply with the Administrative Order. Accordingly, in an Order dated May 16, 2019, the Court dismissed this action without prejudice. (Doc. No. 6.) A month later, the Court received a renewed motion for leave to proceed in forma pauperis and prisoner trust fund account statement from Plaintiff. (Doc. Nos. 7, 8.) In light of Plaintiff's pro se status, the Court will reopen the above-captioned case and vacate its May 16, 2019 Order. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

screening of the complaint and for the reasons set forth below, will grant Plaintiff's motion for leave to proceed in forma pauperis and dismiss his complaint with leave to amend.

## I. BACKGROUND

Plaintiff has named as Defendants in this action Physician Assistant S. Gosa ("Gosa"), Medical Supervisor Ryan Parkyn ("Parkyn"), and Lieutenant T. Walker ("Walker"), all of whom are employed at FCI Allenwood. He alleges that Defendant Gosa has "[ignored] the fact that [his] illness and joint conditions prohibit[] him from climbing stairs, top bunks and long distances." (Doc. No. 1 at 2.) Plaintiff further maintains that Defendant Gosa has prescribed pain medications that do not work. (Id. at 3.) As to Defendant Parkyn, Plaintiff alleges that he has ignored his complaints about "his pain and illness." (Id.) Plaintiff contends that Defendant Parkyn has also ignored the conflict between him and Defendant Gosa, as Defendant Parkyn "continues to send . . . Plaintiff to [Defendant Gosa] without investigating." (Id.) Finally, Plaintiff alleges that Defendant Walker has "disregarded the fact that [he has an] illness that causes joint swelling and stops [him] from walking." (Id.) According to Plaintiff, Defendant Walker claimed that Plaintiff "refused to come to the [lieutenant's] office when in fact . . . [P]laintiff could not walk." (Id.) He maintains that Defendant Walker "refused to listen and put [him] in [the] [Special Housing Unit ("SHU")]." (Id.) Plaintiff seeks compensatory and punitive damages from Defendants. (Id.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon

2

which relief may be granted, the Court must dismiss the complaint. See 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

3

'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted)).

### B. Bivens Claims

A Bivens civil rights action asserted under § 1331 is evaluated using the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under

4

Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. DISCUSSION

### A. Plaintiff's Complaint

Plaintiff claims that Defendants Gosa and Parkyn ignored his medical complaints and conditions, and that Defendant Walker put him in the SHU after claiming that Plaintiff refused an order to come to the lieutenant's office even though Plaintiff could not walk due to his medical condition. (Doc. No. 1 at 2-3.) Liberally interpreting Plaintiff's pro se pleading, the Court construes the complaint as alleging violations of Plaintiff's rights under the First, Eighth, and Fourteenth Amendments.

#### 1. First Amendment

It appears from the complaint that Plaintiff suggests that Defendant Walker violated his rights under the First Amendment by retaliating against him by placing him in the SHU after Plaintiff refused to come to the lieutenant's office because he could not walk due to his medical conditions. (Doc. No. 1 at 3.)

The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To state a retaliation claim under the First Amendment, a plaintiff bears the burden of satisfying three elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.

5

2001). Second, a plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." See id. (quoting Allah, 229 F.3d at 225). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." See id. (quoting Suppon v. Dadonna, 2013 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." See id. at 333-34 (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

In the instant case, Plaintiff fails to adequately allege any facts suggesting that he was engaged in constitutionally protected conduct to support a retaliation claim against Defendant Walker. His refusal to obey an order is not constitutionally protected conduct. See Williams v. Walters, No. 14-2140, 2014 WL 3557203, at *3 (E.D. Pa. July 17, 2014). Moreover, Plaintiff fails to assert any facts to causally connect his placement in the SHU to any protected conduct. Thus, while Plaintiff's retaliation claim is subject to dismissal, he will be granted leave to amend his complaint in the event that he can set forth a plausible claim for relief against Defendant Walker.

### 2. Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575,

582 (3d Cir. 2003). The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) plaintiff's objectively serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." See Farmer, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842)). The Third Circuit has found deliberate indifference when a prison official: (1) knows of a prisoner's need for medical treatment and intentionally refuses to provide it; (2) delays necessary medical treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. See Rouse, 182 F.3d at 197.

In the instant case, Plaintiff fails to provide any specific factual allegations to support his legal claims of an Eighth Amendment violation against Defendants Gosa and Parkyn. For example, Plaintiff only alleges that Defendant Gosa has ignored the fact that he cannot climb stairs, reach top bunks, and walk long distances, and has prescribed pain medications that do not work. (Doc. No. 1 at 2-3.) He maintains that Defendant Parkyn has ignored his medical complaints and continues to send Plaintiff to see Defendant Gosa. (Id. at 3.) Under the most liberal construction, Plaintiff's complaint fails to comport with Rule 8 of the Federal Rules of Civil Procedure. It neither sets forth the time of the alleged violations to Plaintiff's rights nor does it provide any specific factual averments explaining the mistreatment that Plaintiff experienced. It also does not identify the particular conduct of Defendants Gosa and Parkyn that

7

harmed Plaintiff. This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him). Without such specific factual allegations, the Court cannot conclude that Defendants Gosa and Parkyn violated Plaintiff's Eighth Amendment rights. Accordingly, while Plaintiff's complaint will also be dismissed as to his claims against Defendants Gosa and Parkyn, he will be granted leave to amend his complaint to include specific allegations against each Defendant in order to cure the noted deficiencies.

### 3. Fourteenth Amendment

Liberally interpreting Plaintiff's complaint, the Court construes it to be raising a claim that Defendant Walker violated Plaintiff's due process rights under the Fourteenth Amendment by placing him in the SHU. (Doc. No. 1 at 3.) Procedural due process protection, however, "for a state created liberty interest . . . is limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). The United States Court of Appeals for the Third Circuit has "concluded that placement in restrictive confinement for periods of up to one year, and more, does not trigger a constitutionally protected liberty interest as it does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life." See Torrealba v. Hogsten, No. 3:CV-06-0108, 2009 WL 3242293, at *9 (M.D. Pa. Oct. 8, 2009) (citing Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002)); see also Wilson v. Hogsten, 269 F. App'x 193, 195-96 (3d Cir. 2008) (concluding that a prisoner's placement in administrative detention and an extended stay in the SHU do not constitute atypical and significant hardships).

8

In the instant case, Plaintiff has not alleged a plausible due process claim at this time. He fails to set forth facts regarding his placement in the SHU, including the duration of his detention there. At this time, the Court cannot conclude that Plaintiff's placement in the SHU constitutes an atypical and significant hardship such that it would trigger due process protections. Thus, while Plaintiff's due process claim will be dismissed, he will be allowed to amend his complaint in the event he can set forth a plausible claim for relief.

### B. Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Plaintiff will be permitted leave to amend his complaint. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise and

9

plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will direct the Clerk of Court to reopen the above-captioned case and will vacate its May 16, 2019 Order dismissing this case without prejudice. Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 7) will be granted, and Plaintiff's complaint (Doc. No. 1) will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint in conformance with the above. An appropriate Order follows.